cases 23-3811 and 23-3826 United States of America versus Lorin Buckner argument not to exceed 15 minutes per side counsel you may proceed for the appellant when ready thank you good morning may it please the court my name is Lewis grube and I'm here on behalf of the defendant appellant mr. Lorin Buckner I'm planning to reserve three minutes for rebuttal this morning your honor all right you may proceed thank you the issue in this case is not whether the district court asked Buckner the right questions when he tried to waive his constitutional right to counsel it was the answers Buckner gave and his conduct in the rest of the case that is the problem he could not have knowingly and intelligently waived his right to counsel and each step along the path demonstrated he had not I'm planning on spending all of my time this morning on the right to counsel issue as my clients stated preferences to seek a new trial I'm happy to answer any questions on the other issues obviously we raised the some plain error issues with the sentencing compliance with federal rule of criminal procedure 32 and the summary contempt that was issued at the first sentencing hearing but I'm gonna rest on the briefs and just address the Freda and Edwards issue this morning this court's standard of review has been sort of left up in the air over the last two decades I'm happy to discuss that this morning and that was the pitch for argument so I'm planning on starting there but we have two other sort of sub issues one is that at the Freda hearing it was not quite a searching examination and then after that the case went entirely off the rails due to the defense that mr. Buckner very mistakenly decided to go with a sort of commercial law defense that made no in the context of a federal criminal case over wire and telecommunications fraud and mortgage fraud this was quite simply too much of a case for mr. Buckner to handle on his own given his capacity his understanding of the law which admitted itself to be limited to limited over the course of many years jumping out on the standard of review over the course of many years meaning the period under consideration now are you talking mental incapacity you know since you oh no not since the judgment in the case I'm limiting my issues to the record I have no idea what's happening since so frankly just briefly as I say you you say his arguments are nonsensical but I've seen them quite for not quite frequently but over the course of my career I've probably seen people raising sovereign citizen defenses you know 5 10 15 times so is it that using that argument is is a sign of incapacity I mean we certainly have seen for example people who say I don't have to pay taxes because my money isn't income that's a claim that is made repeatedly knocked down repeatedly but if people want to raise it is that intrinsically a sign of incapacity and similarly you know the I noticed the phrase UCC 2-302 I've seen that stamped on many many documents sure certainly should I say that none of those people can short answers no represent themselves okay no I I guess there's a difference between a mistaken understanding of the law and a persistent delusion as to what the law might require I think that the good comparison here is between mr. Buckner and his co-defendant mr. Desteline Sealy mr. Sealy addressed whether he was involved in the case he cross-examined as if he was not involved in the case that maybe he shouldn't be there and maybe he should be acquitted by the jury he actually approached the issue before him he did that within a framework that again this court has seen time and time again the problem is that mr. Buckner didn't approach that at all the quote that haunts me in this case this whole thing feels like a criminal procedure I'm not interested you know in this other stuff from jurors and this and that my client said that at his I believe second sentencing oh no first sentencing hearing the judge informed him yes this is a criminal proceeding mr. Buckner and I don't understand how a could last that long without something deeper running in them that led them to believe that the thing they were doing was the only way forward which is why mr. Buckner abandoned the idea of being represented by counsel tried to represent himself it's a it's a persistent misunderstanding of his competence to handle the issue and the district court has an obligation in this area waiver of your right to counsel and the decision to represent yourself for trial it's not a it's not a matter of whether you understand what you're waiving it's also a matter of whether you understand what you were doing the court was very clear about that United States Supreme Court in Freda and in Edwards we're arguing both issues I understand the government's position in this case is that once that waiver hearing was held and once the magic words were read from the bench book that was it but after that the entire case went off the rails I'd like there were two for out of hearings weren't there I suppose very charitably you could consider the second hearing to be a Freda hearing but the second hearing did not really address it didn't go through the bench book questions all of them it was a less it was a less exacting inquiry it certainly was an admonishment but an admonishment is not enough the question for the court is whether whether the person in front of them has the competency and the capacity to actually represent themselves at trial at the first hearing mr. Buckner said he was familiar with some of the rules that might apply that was his answer he didn't answer yes I am familiar with the rules he said some of them I know some of them then he abandoned them there's make no mistake mr. mr. Buckner did not use any of the rules that's not what happened in this case and if the second you were just adverting to the other defendant there's nothing intrinsically wrong or at least fatal with those answers that is it's you're coming back to his actions later on if if he had given exactly the same answers and then in your view used a different defense we'd have been fine wouldn't he yeah I mean if he had even approached the problem of providing himself a criminal defense at all yeah I think that would be a different case and actually mr. Sealy's case is a good example of that he did at least make an attempt he also used he came from the same framework of sovereign citizen ideology but again this sovereign citizen ideology it's cultish I really only seen it in my time clerking at the Ohio Supreme Court we get faxes and you know people would send things to the court and sometimes it was quite wild apparently some of the justices were being reported to the FBI periodically none of this worked obviously but it does seem like the kind of thing that a person who is lacking the capacity to understand what is going on in front of them might get caught up in and that should give everyone in the justice system pause what's your best case on point my best case on point where someone has a Faretta hearing seems to knowingly and voluntarily waive his right to counsel and yet because of his conduct there's been enough to set the district court's judgment aside what's your best case under Faretta strictly this is my best case I don't have a great case to point to under Faretta itself under Edwards we are saying this is an Edwards case we are saying this is directly equivalent to what happened in Edwards the only real difference is that in Edwards trial counsel and the trial judge I was in state court and I think came up through the state court system for certiorari before the Supreme Court but the only real difference is that the court there and trial counsel actually caught what was going on and decided to ask for some competency evaluation to happen so there were a few competency evaluations in the record there that's the one key difference but there are no competency evaluations here are there no there aren't which is most of the problem Edwards is a Edwards is about whether the person in front of you is going to be mentally capable of handling the case that is being you know that is being handled by the district court as you said isn't it that whether the judge whether the situation is so dire that the judge must as a matter of law raise competency sua sponte yes that really the difference yeah and by the month of trial I think we were there I mean you know I could see a version of a hearing was fine and we're not gonna we're not gonna say the district court judge should have sua sponte jumped up at that point and said I mr. Buckner I don't think you can handle this now I think the plenty of things in the record from before that mr. Buckner was at it before the Friday if you if you narrow the issue there other than Edwards do you have any other good case of the of a situation where a judge should have raised not only should have but was required to raise it sua sponte I do not have an example so Edwards is what we should look at words is what the court should look at and I'd point the court to the the appendix to the decision the Supreme Court very wisely I think appended one of the filings that the defendant in that case had prepared for himself which is not appreciably different from what mr. Buckner was filing mr. Buckner has a little bit more of a faculty on sentence structure but that's about it I mean you know another great quote where was it traitors Protestants liberals and heretics take heed yeah little did he know he would be a boy some lawyers these days are pretty vigorous yeah little did mr. Buckner know he'd end up getting appointed I'd end up getting appointed to represent him but I have taken heed and I I did read every single part of this record and I am fully convinced that mr. Buckner was persistently confused about what was going on which is why he deployed an odd commercial you know notice of dishonor theory the theory seems to be that the government owed him a rendition of an account and that if they didn't give it to him he was entitled to walk free which is why the entire time every single time even if he asked a few questions here and there in cross-examination every single time the every single heat time he said something along the lines of I accept this and return it for closure and resolution of the account something along those lines I can I ask you what do you mean by the phrase mental competency do you mean he lacked the capacity to understand the nature and of the of the proceedings or do you mean he's suffering from some sort of personality disorder or mental disability generally well what do you mean when you say he had a there was a mental competency problem I'm not a physician I don't think anybody in the record any human being could see that something was going on with mr. Buckner I'm concerned that he had a persistent misunderstanding the law that's rooted in his mental faculties not in his genuinely held subjective beliefs with a sound mind but he's not required to understand the law to exercise this for rhetoric so well what is it that you're actually claiming here and isn't to the extent he didn't understand the proceedings wasn't that mitigated by the judge appointing standby counsel I respectfully disagree with the premise in Tovar Supreme Court said that defendants education and sophistication matter and this court said in Miller that familiar familiarity familiarity with the law matters I see I'm out of time and if I may this is self representation at a criminal trial at the examination is the most rigorous at this point and so somebody should have done something I guess it's the short answer with that I would like to reserve the rest of my time happy to answer any more questions on rebuttal thank you you're from the government may please the court Kevin Kohler on behalf of the United States your honors I will focus my oral argument time on the Fredda issue as well but of course happy to answer any questions about sentencing or the criminal contempt matter of this court should affirm the conviction here the defendant had a constitutional right to represent himself he invoked that right and then he knowingly involuntarily waived his right to counsel with his eyes wide open after a full foretta colloquy in front of an experienced district court judge who had the opportunity to directly and repeatedly observe the defendant under these circumstances the district court was bound by the Constitution to honor the defendant's wishes to exercise its constitutional right to represent themselves and that's true even though mr. Buckner advanced frivolous sovereign citizen arguments at trial he also presented conventional arguments throughout the proceedings and it's true even though mr. Buckner would likely have been better served by appointed counsel I don't think there's any dispute about the the fulsomeness of the first red inquiry we'd note that it covered 11 to 12 of the questions it covered all three of the main topic areas this court has flagged repeatedly he paused at points to make sure there were no questions for mr. Buckner this was also not a one-off for the district court judge right an experienced district court judge he's probably seen a number of these sovereign citizen cases at least five times throughout the proceedings he revisited this issue he gave more admonitions including in the second foretta hearing now recently this court announced in Fletcher this opinion came down after the briefing in this it's at 2026 Westlaw 822272 in Fletcher this court looked at a similar situation had a person represented pro se went by counsel came back to pro se court said you don't actually always have to do a foretta inquiry there what's prudent though is to ask questions or do some abbreviated fret inquiry that's what the court did here in July 2022 it revisited that asked him covered the main topics went over his familiarity with the law he affirmed again he understood the law at least in some degree went over the seriousness told him he's going to have a facing a lot of time and then gave him another admonition judge clay going to your question lack of knowledge is not a basis or lack of legal knowledge is not a basis to deny a pro se defendant the constitutional right to represent himself the Supreme Court has been clear on that this court has been clear on that knowledge of the law is relevant when you are fashioning the foretta inquiry right if a defendant doesn't have a strong grasp of the law what the Supreme Court has said in Tovar and elsewhere is then you need to ask more questions this court has adopted the gold standard and kind of said well regardless of the level of knowledge we still want you to do the utmost which is the judicial bench book I would note here even the lack of legal knowledge is not an impediment to waiving the right Mr. Buckner is probably better position than most pro se defendants right he was a college graduate worked in medical sales for 27 years he had a couple companies that he ran his no history of psychological issues in fact he denied any mental health issues in his post conviction meeting with probation he also had standby counsel helping him along the way next I'd say I turn to the nature of the sovereign citizen arguments this court has been clear as have every other circuit that raising frivolous arguments in the trial is not a basis to undo a waiver or to question a person's competency we said it this court said it in Tucci Jarref it said it in Hood it said it in Powell Buckner raised sovereign citizen type arguments but so have many other defendants his claims here are not an outlier he is not an extreme case this is similar to what the defendant in Gooch which we cite in our brief argued he said only God had jurisdiction over me and contested jurisdiction in Hood the criminal defendant was fixated on this warrant issue the same way Mr. Buckner was at times fixated on jurisdiction Powell involved a sovereign citizen who adhered to the tourist the Moorish science temple so again mixing some of these religious themes with with the sovereign citizen you mentioned earlier that he made some traditional arguments what give me anything traditional what did mr. Buckner say in representing himself there were some more traditional so I would say you can look at each stage of the proceedings pretrial he filed a motion to dismiss on the speedy trial grounds he cited some out-of-circuit precedent he also cited Sixth Circuit in Ohio case law he argued that motion himself he relied on Barker v. Wingo which is of course the seven old case on speedy trial grounds at trial both he and Mr. Sealy began with some sovereign citizen type tropes Mr. Buckner pivoted though throughout the course of trial on the second day of trial he began cross-examining some of the witnesses trying to push back on his level of I think his his I don't say shining moment but his best moment was a cross-examination of the lead case agent who is the final witness he got the case agent to admit that he had not actually interviewed one of the victims about whom he had testified and he pushed back and raised the idea that really it was the the people who submitted the fraudulent bankruptcy petitions and who didn't make the mortgage payments that were the responsible party he then revisited those themes in his closing argument pushing similar themes they're not winning arguments I don't know if there are winning arguments based on the over amount overwhelming amount of evidence at trial and then post trial the sentencing loss hearing he did cross-examine the government's agent or expert who provided testimony on the loss amount pushed back on her methodology so each of those stages he is making some conventional arguments he is making a lot of patently frivolous arguments this court has been clear though that even if he didn't make those conventional arguments the fact the mere fact that he made patently frivolous arguments is not a basis to question competency or to undo a waiver especially if you look at his other characteristics there's no mental health illness there's a college graduate even the offense conduct which this court looked at in Tucci-Jarreff here he spearheaded a complex financial fraud scheme over the course of many years it's a strong indication that this is a sophisticated client. Counselor your adversary relies to a fair degree on on Indiana versus Edwards and your briefing on that as I read it you can correct me says well yes there is there is a small space between being too incompetent to even stand trial and being too incompetent to represent yourself do you have any cases where this argument has been rejected in a particular circumstance where where a defendant has raised the Edwards argument and and the court has has adjudicated what the facts were there. So I think really important and a point about Indiana v. Edwards is it does not apply in this type of situation right the court said this in Tucci-Jarreff I think it also addressed it in Stafford and Hood and every other circuit has said the same thing Edwards goes to can a district court appoint counsel in this gray zone it does not mean the district court has to appoint counsel in this gray zone right we do not think we're even in this gray zone if we were in the gray zone that would not mean that the defendant was not incompetent to waive counsel the the level of competency to waive counsel the level of competency to proceed to trial are the same that's Codines v. Moran and that's what you would say because when I was questioning your your adversary I did try to be careful to use the words the judge is this a case where the judge must have a competency hearing and so you're saying that there isn't any case that says that Edwards at most says he can impose counsel in a situation of diminished or absent competency that's where that'd be a fair way to put it if you have a defendant who is just barely competent to stand trial but you have serious concerns about his ability and his mental capacities which was the case in Edwards where you had very serious concerns about the person's mental competency I believe he was bouncing in and out of treatment centers in that situation the district court can impose counsel against the defendant's wishes he is not required to and that's what Tucci Jarreff has said I think we cite Bernard which is a Fourth Circuit case in our brief which lists the other circuits holding the same thing we're well above that gray zone here right there's no documented history of psychological issues you have a college graduate someone who spent his professional life in medical sales kind of a complicated area had standby counsel appointed as well was the CEO of two companies and ran them so all those puts us well above this gray zone but even if we were in the gray zone the district court does not have to appoint counsel what about this argument that the record doesn't show that the district judge did enough to determine that the defendant and his standby counsel had reviewed the pre-sentence report yep so turning to that your honor we think this claim fails on on plain error review so the district court did ask for objections there were no objections raised after he had gone through the pre-sentence report so we think there is no we think plain error applies we agree with Mr. Buckner's counsel on that point even if plain error didn't apply the district court did not expressly ask if he had reviewed it there was a a decently long or at least some discussion about his objections to the PSR this court has said in Stewart and Burleson I believe that can be a basis to look at and for district court to conclude that there had been a review of the PSR and we think given that there any error here certainly was not plain under plain error review defendant also has to show some prejudice and a substantial effect on his rights there's been no claim of any prejudice here Mr. Buckner does not claim he has never claimed that he did not in fact review the PSR he points to factual inaccuracies in the PSR much less inaccuracies that might impact his sentencing or would have generated different outcome at sentencing your honor one last point I'll just flag and then I'll sit down your honors the standard of review for reviewing a Fred inquiry we believe that was conclusively resolved by this court in Johnson in 2022 I think there is some it is not fully nailed down the standard of review if the argument is a sua sponte competency hearing in front of the district court gooch they this court applied in gooch which was a non-published case they applied plain in Coleman this court has said you don't need to decline to resolve that in a published case we don't think you need to resolve that here we think it fails regardless of the standard review if there are no further questions we'll rest on the briefs all right thank you traditional arguments judge Gilman the speedy trial motion was withdrawn right away the second mr. Buckner was permitted to proceed on his own behalf he then cross-examined a few witnesses but each and every time he said the same thing I just accept it and return it for settlement and closure in this matter he asked what rule 29 was he asked what the PSI was at his sentencing at the July 2022 hearing that my friend here has raised mr. Buckner claimed that he was familiar with the sentencing guidelines because his ex-mother-in-law was a judge who had won the sentencing guideline awards at the United States Supreme Court I've googled that I don't think there are any such awards I'm kind of confused about the claim anyway it's a traditional fallacy it's an appeal to authority it's an irrational thought process at sentencing mr. Buckner asked for jurisdiction to be demonstrated to him in corporeal form put it in my hand where is it these are not the linear thoughts of a rational mind knowledge of the law why would it matter why would judges ask if you have knowledge of the law if that was not a substantive matter if that was not something that one must have in order to represent themselves in 2g her off this court said there was not adequate cause to fear that that defendant lacked competency it's a it's a substantially different case the gentleman in that case did approach the issues in the trial somewhat and that was the basis for the ruling this is a different case and when if not now would a district court be required to say let's just find out whether this is something that you are rationally deciding to do or something that you were irrationally deciding to do the standard of review it has to be drawn from the structural error aspect of the Sixth Amendment right to counsel or to decline counsel these are reflexive rights you have a right to do either and the court has a role in shepherding that process it is reviewed for structural error there's no basis to do plain error that that's beside the point of structural error structural error those are cases where it's not worth considering whether there was an impact on the trial because the traditional necessary facets of a trial itself were lacking that's what we have here this court should review for structural error there is no need to consider prejudice and on the PSI issue in Osborne this court said it was plain error to not ask to not literally comply there's a literal compliance standard for criminal rule 32 there is prejudice here we did argue that the sentencing was botched we raised two issues with the sentencing which again I'll rest on the brief as to those but the point is if you have counsel what is the point of standby counsel if not to call them in when the defendant is botching his case for reasons that appear to be related to a persistent mental process that prevents that person from appreciating what's going on I've run out of time we would ask the court to reverse and remand for a new trial if not a new trial then at least an evaluation of the competency issue leaving for the district judge to consider whether a new trial is necessary and then also we've asked for a reversal for all the other reasons in our brief that I've rested on the briefs thank you very much mr. grew I noticed that you representing your client pursuant to the criminal justice act and what certainly would like to thank you for performing that service thank you for the opportunity to judge clay glad to be here and I appreciate the opportunity to see the judges and have an argument today thanks thank you very much and the case is submitted